UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

UNITED STATES OF AMERICA                                              PLAINTIFF

v.                          No. 3:18-CR-30004

CRAIG RICHARD WHITTINGSLOW                                           DEFENDANT

## OPINION AND ORDER

Before the Court is Defendant Craig Richard Whittingslow's motion (Doc. 23) to suppress all evidence seized in a search of a 2001 Jeep Cherokee and a 2011 American Coach Motorhome on the basis that this evidence was obtained in violation of Defendant's Fourth Amendment rights. The Government has filed a response (Doc. 24). The motion is denied.

As a preliminary matter, due to his failure to attach the warrant and affidavit to his motion, Defendant fails to meet his burden of proof to show that the evidence he seeks to exclude was secured by means of an unlawful search and seizure. *Simmons v. United States*, 390 U.S. 377, 389 (1968) ("In order to effectuate the Fourth Amendment's guarantee of freedom from unreasonable searches and seizures, this Court long ago conferred upon defendants in federal prosecutions the right, upon motion *and proof*, to have excluded from trial evidence which had been secured by means of an unlawful search and seizure." (emphasis added)).

Even if Defendant had attached the warrant, as the Government has done with its response, the warrant is facially valid because the affidavit raises sufficient probable cause to justify its issuance. Probable cause to issue a search warrant exists when an affidavit sets forth sufficient facts to justify a prudent person in the belief that contraband will be found in a particular place. *Illinois v. Gates*, 462 U.S. 213, 238 (1983). Probable cause is determined after reviewing the totality of the circumstances. *Id.* Where, as here, an affidavit is based on information provided by

1

an informant, the informant's reliability, veracity, and basis of knowledge are relevant considerations in finding probable cause. *United States v. Reivich*, 793 F.2d 957, 960 (8th Cir. 1986). Information provided by an informant is reliable if the informant has a track record of supplying reliable information, or if the information is corroborated by independent investigation. *United States v. Gabrio*, 295 F.3d 880, 883 (8th Cir. 2002). Moreover, substantial deference should be given to the issuing court's determination of probable cause. *United States v. LaMorie*, 100 F.3d 547, 552 (8th Cir. 1996) ("Our duty as a reviewing court is to ensure that the issuing judge had a 'substantial basis' for concluding that probable cause existed, and we owe substantial deference to the determination of probable cause by the issuing judge.").

In this case the issuing judge correctly found the existence of probable cause based on information provided by a reliable confidential source ("CS") with a history of assisting in marijuana seizures. The affidavit describes a marijuana distributor, a man named "Craig" from California, operating in Northwest Arkansas, and who previously sold marijuana to the CS. During this previous transaction, the CS stated he entered Craig's motorhome and personally observed Craig remove contraband from a bedroom closet. The CS further provided law enforcement officers with detailed insight into Craig's means and methods of operation—details independently corroborated by law enforcement officers. For example, the CS spoke to Defendant on the telephone, with contact information provided by the CS, and discovered Defendant would be traveling to Arkansas on specified dates. That the CS's statements would implicate the CS in related criminal activity that Defendant was suspected of bolsters their reliability. Officers later discovered Defendant's motorhome driving eastbound on Interstate 40 in Arizona, seemingly from California to the Arkansas area in anticipation of arriving on those dates. Finally, on May 17, 2017, officers located both the 2001 Jeep and 2011 motorhome described by the CS at an Arkansas

RV park.  As a result of this investigation, a prudent person would be justified in believing that contraband would be found in a particular place, namely the vehicles described in the affidavit. Therefore, the affidavit gave rise to probable cause to justify the issuance of the warrant.

The affidavit sets forth probable cause to believe that Defendant possessed marijuana in and around his motorhome.  On the basis of that probable cause, either the motorhome or the Jeep could be searched without a warrant.  There is a reduced expectation of privacy in motor vehicles, and their inherent mobility presents an exigent circumstance giving rise to an exception to the Fourth Amendment's warrant requirement.  *United States v. Hepperle*, 810 F.2d 836, 840 (8th Cir. 1987).  Probable cause alone justifies a warrantless search of a motor vehicle, if the search is reasonable in scope.  *California v. Carney*, 471 U.S. 386, 394–95 (1985).

Because the affidavit gives rise to probable cause to believe that marijuana would be found in the motorhome, and in light of the mobile nature of the motorhome, the search of that motorhome was reasonable.  Because marijuana, by its nature, could have been transferred from the motorhome to the attached jeep, a search of the jeep was also supported by probable cause and would have been reasonable without a warrant under the vehicle exception.  Because the totality of the circumstances gave rise to probable cause sufficient to make a search of the motorhome or the jeep reasonable, even without a warrant, the warrant itself does not become invalid simply because the affidavit did not make explicit the basis for probable cause to believe marijuana would also be found in the Jeep.

IT IS THEREFORE ORDERED that Defendant's Motion to Suppress (Doc. 23) is DENIED.

IT IS SO ORDERED this 21st day of August, 2018.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE